## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

CAROLYN R. GROVES                                                    PLAINTIFF

v.                                    No. 1:12-cv-42-DPM

USABLE LIFE                                                          DEFENDANT

### ORDER

Carolyn Groves worked for more than thirty years at the Cave City School District as a kindergarten teacher.  USAble Life administers the District's ERISA plan.  Groves says that USAble Life wrongfully denied her application for long-term disability benefits.  The issues are whether Groves exhausted her administrative remedies and the timeliness of her lawsuit challenging the denial.

The dates are important.

- 22 April 2008:    Groves applied for long-term disability benefits. *№ 11 at 2.*

- 18 September 2008:   USAble denied Groves's application because there was no objective medical evidence to support her claim. *R. at 9-12.* USAble advised Groves that she had 180 days to appeal its decision to deny benefits. *R. at 11.*

- 18 November 2008:   Proof of claim required, based on the April 2008 application and the plan's elimination period. *R. at 11, 92 & 176.*

- 17 March 2009:   Groves's 180-day appeal window closed.

- 8 March 2011:   Groves appealed the denial. *R. at 15.*

- 9 June 2011:   USAble denied the first appeal. *R. at 5-8.*

- 18 July 2011:   Groves appealed a second time. *R. at 213.* Her time to sue was tolled. *R. at 8.*

- 27 September 2011:   USAble denied her second appeal. *R. at 189-191.* Her time to sue began to run again. *R. at 8.*

- 18 November 2011:   Her three-year period to sue under the plan would have expired but for tolling. *R. at 176.*

- 28 January 2012:   Her three-year period to sue under the plan expired taking into account the 71 days of tolling. *R. at 176.*

- 3 May 2012:   Groves filed this lawsuit.

Under settled law, Groves had to exhaust her administrative remedies under the District's plan. *E.g., Wert v. Liberty Life Assurance Company of Boston, Inc.*, 447 F.3d 1060, 1062-66 (8th Cir. 2006) (canvassing the cases). Neither the futility nor the no-administrative-remedy exception applies. *Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1037 (8th Cir. 2011). USAble advised Groves when it initially denied her claim that she could

appeal within 180 days. *R. at 11.* She waited almost two years after her deadline to do so. *R. at 15.* USAble rejected her appeal on the merits, not on tardiness. *R. at 5-8.* As the Court of Appeals has clarified, though, a beneficiary must follow her plan's appeal procedures—including the deadlines—to exhaust administrative remedies. *Chorosevic v. Metlife Choices,* 600 F.3d 934, 945 (8th Cir. 2010); *see also Reindl v. Hartford Life and Accident Insurance Co.,* 705 F.3d 784, 787 (8th Cir. 2013) (affirming plan administrator's rejection of a belated appeal solely on untimeliness grounds). The Court of Appeals has reasoned that a contrary rule "would enable claimants to easily circumvent a plan's appeals procedure, thereby rendering toothless a plan's time limits for claims and appeals." *Chorosevic,* 600 F.3d at 945. This Court must follow this precedent. Groves's untimely appeals therefore did not suffice to exhaust her administrative remedies.

If the Court is mistaken on the exhaustion issue, Groves's complaint is time-barred in any event. The District's plan specified when Groves could sue and when her time to do so expired.

> A claimant or the claimant's authorized representative cannot start any legal action:
>
> 1. until 60 days after proof of claim has been given; nor

   2. more than 3 years after the time proof of claim
      is required.

*R. at 176.* The expiration date is the critical one. The plan's three-year

period—though less than the five-year period that would otherwise have

been borrowed from Arkansas law—controls. *Wilkins v. Hartford Life &*

*Accident Insurance Co.,* 299 F.3d 945, 948 (8th Cir. 2002). It is not unreasonable.

*Ibid.*

   Federal common law governs when Groves's claim accrued, that is,

when she could have sued USAble. "A cause of action for plan benefits under

ERISA accrues when a plan fiduciary has formally denied an applicant's claim

for benefits or when there has been a repudiation by the fiduciary which is

clear and made known to the beneficiary." *Abdel v. U.S. Bancorp,* 457 F.3d 877,

880 (8th Cir. 2006). The Court of Appeals has "given conflicting signals about

[the accrual date.]" *Abdel,* 457 F.3d at 881. It has sometimes looked to the

initial denial, and other times to the denial of a timely appeal. *Ibid.*

   Here, the plan created a three-year window for suit that was not

opened, as in some cases, by the claim's accrual. *Wilkins* involved a similar

provision. 299 F.3d at 948-49. USAble initially denied Groves's application

in September 2008. This was two months before the plan's November 2008

start date for the three-year period. *R. at 9-12, 11, 92, & 176.* And Groves filed no timely administrative appeal.

Whenever Groves's claim accrued among the possible alternatives, her lawsuit was untimely. There is some equitable tolling because USAble told Groves that her time to sue was suspended while the company considered her second appeal. *R. at 8.* Groves had until January 2012 to sue—three years from the date proof of her claim was required, plus seventy-one days when the limitations period was tolled. She filed this case in May 2012. That was about five months too late. If her claim accrued at the initial denial, that circumstance gave her a bit longer than three years to sue. If her claim accrued when her time to appeal expired in March 2009, *compare Abdel*, 457 F.3d at 881, she had approximately two years and eight months available to sue. She had approximately four months remaining in her limitations period after USAble rejected her claim in the second appeal. Any way you look at it, Groves's complaint is time-barred.

Groves argues that USAble is equitably estopped from asserting the bar because it addressed Groves's tardy 2011 appeals on the merits. Precedent, however, encourages ERISA administrators to review and reconsider claims for benefits, *Chorosevic*, 600 F.3d at 943, even untimely ones, but belated

reconsideration "will not renew a claimant's cause of action for statute of limitation[] purposes." *Mason v. Aetna Life Insurance Co.*, 901 F.2d 662, 664 (8th Cir. 1990). Otherwise, "a participant could forestall the running of the statute of limitation simply by declining to pursue internal remedies under the ERISA plan." *Abdel*, 457 F.3d at 881. Groves's estoppel argument fails.

Groves waited too long—both to appeal for further review by USAble and to sue. USAble Life is entitled to judgment as a matter of law. The Court therefore dismisses Groves's case with prejudice.

So Ordered.

D.P. Marshall Jr.
United States District Judge

17 October 2013